Stephen Cohen Pro Se
PO Box 210892
Chula Vista, CA 91921-0892
Tel: 619 874-6555
Email: stephencohen60@gmail.com

Attorney for Plaintiff Pro Se

**FILED**
Sep 29 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ cynthial   DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

STEPHEN COHEN,

Plaintiff,

v.

NISSAN MOTOR ACCEPTANCE COMPANY LLC, a Delaware LLC, NISSAN-INFINITI LT LLC, a Delaware LLC, and Does 1 through 20, inclusive.

Defendant.

Case No.: **'22CV1473 JO   NLS**
COMPLAINT

(1) **BREACH OF CONTACT**
(2) **NEGLIGENT MISREPRESENTATION;** and
(3) **FRAUD**

**JURY TRIAL DEMANDED**

Comes now Plaintiff Stephen Cohen and for his complaint against defendants alleges:

PARTIES

1. Stephen Cohen ("Cohen") is an individual residing in Playas de Rosarito, in the country of Mexico.

2. Defendant NISSAN MOTOR ACCEPTANCE COMPANY LLC, is a

1
COMPLAINT

1  Delaware LLC.  Defendant's current mailing address is PO Box 660863, in Dallas, Texas
2  75366-0863.
3     3. Defendant NISSAN-INFINITI LT LLC, is a Delaware LLC.  Defendant's
4  business address is One Nissan Way, Room 5-124 in Franklin, TN 37067.
5     4. Does 1 through 20 are persons or business entities whose identities are
6  unknown to Cohen and who, on information and belief, are in some manner responsible
7  for the harms suffered by plaintiff as alleged herein.
8     5. On information and belief, Cohen alleges that, at all relevant times herein,
9  NISSAN MOTOR ACCEPTANCE COMPANY LLC, NISSAN-INFINITI LT LLC and
10 Does 1 through 20, inclusive, (hereinafter collectively referred to as the "Nissan defend-
11 ants") were acting as the agent, partner, joint-venturer, alter-ego, employee or assignee of
12 and for one or more of the other such defendants, acting for the benefit of such other
13 defendants, within the scope of the above-mentioned relationships and with the
14 knowledge. Permission and consent of all such other defendants.

**JURISDICTION AND VENUE**

16    6. This court has subject matter jurisdiction over the claims presented in this
17 complaint under 28 U.S.C. § 1332 because Cohen was a resident of California at the time
18 he signed his original lease agreement (Exhibit "A") and Lease Extension agreement
19 (Exhibit "B") with defendants.  The Nissan Defendants are all from different states
20 where they maintain their offices.  The amount in controversy exceeds 75,000 exclusives
21 of fees and costs.
22    7. Personal jurisdiction and venue are proper in this District pursuant to 28 U.S.C.
23 § 1391(b)(2) because the acts of defendants caused harm to Cohen in San Diego,
24 California and in the Southern District of California.  Venue is further proper because,
25 absent venue in this District, Cohen would be required to initiate multiplicity of actions in
26 various federal district courts concerning this single subject matter.

**FACTS RELEVANT TO ALL CLAIMS FOR RELIEF**

28    8. Cohen entered and signed a lease for a 2019 Nissan Rogue Vin Number

5N1ET2MT0KC732722 (Exhibit "A") on December 1, 2018, with the Nissan Defendants. Cohen made all his requisite payments in advance, that lease expired on December 1, 2021. Prior to December 1, 2019, Cohen requested an extension of his lease from the Nissan Defendants through March of 2021, which was granted by the Nissan Defendants.

9. Prior to March of 2021, Cohen again requested an extension of his lease until October 1, 2021. The Nissan Defendants agreed to Cohen extension with the condition that Cohen sign a Lease Extension Contract. That contract was executed on March 11, 2022, by all parties. (See Exhibit "B") Cohen made all payment required on Exhibit B in advance.

10. Exhibit "B" Paragraph 3d entitled Residual value, grants Cohen upon the final payment to the Nissan Defendants the right to purchase 2019 Nissan Rogue for $15,453.40.

11. On September 21, 2022, Cohen went to Mossy Nissan in Chula Vista, California ("Mossy") who is the Nissan Defendants authorized dealer with the express purpose of purchasing 2019 Nissan Rogue for $15,453.40 and to obtain an extended warranty for an additional fee. While at Mossy Cohen met with their finance manager who informed Cohen that the current payoff from the Nissan Defendants now exceeded $19,500.00. Said amount did not include taxes, licensing, and the lease disposition fee of $395.00. Cohen based upon the information received by Mossy Nissan by the Nissan Defendants decided that the car was not worth keeping.

12. On September 23, 2022, Cohen having reviewed his contact with the Nissan Defendants contacted the Nissan Defendants via telephone. The Nissan Defendants told Cohen that the new residual amount was over $20,000.00. Cohen informed the Nissan defendant's employee that he was in possession of his contract (Exhibit "B") which had an agreed residual amount of $15,453.40. The Nissan Defendant's employee informed Cohen that there was a policy change at Nissan and that employee lacked the power to change or modify the amount. Cohen asked for the number to the legal department and

or to speak to a supervisor.   The Nissan Defendant's employee stated to Cohen that Supervisors were not available via telephone and their department did not have the legal department's phone number.   The employee took down Cohen phone number and stated the message would be passed on and someone would call back later in the day. No one called back.

13. On September 26, 2022, Cohen went to the Nissan defendant's webpage located at  https://www.nissanfinance.com/s/paymentdashboard and log in as a customer. Cohen then entered into a chat with Nissan defendant's employee Cassandra who stated the current payoff figure now *was set at $19232.40 good until 9/30/2022. This includes the $300.00 purchase option fee.* (Exhibit "C", is a transcript of the chat conversation between Cohen and the Nissan defendant's employee)

### **FIRST CLAIM FOR RELIEF FOR BREACH OF CONTRACT AGAINST THE NISSAN DEFENDANTS**

14. Plaintiff realleges every allegation in paragraphs1 through 13 above and incorporate them by reference as if fully set forth herein.

15. The parties, for valuable consideration, entered into a valid and enforceable Lease Extension Contact on March 11, 2022.

16. Plaintiff did all, or substantially all, of the significant things that the contract required him to do.

17. The Nissan Defendants failed to honor plaintiff's final payoff in Exhibit "B".

18.   Plaintiff secured a loan from First National Bank of Mexico for $16,000.00 in order to pay off the Nissan Defendants pursuant to their written contract in Exhibit "B".

19. Plaintiff realizing that the Nissan Defendants had no intent to honor their contract subsequently returned First National Bank's loan and was forced to pay a cancellation fee of $500.00.

20.   Plaintiff was forced to rent a car starting October 1, 2022, due to the Nissan Defendant's failure to honor their written contract.

## SECOND CLAIM FOR RELIEF FOR NEGLIGENT MISREPRESENTATION BY THE NISSAN DEFENDANTS

21. Plaintiff realleges every allegation in paragraphs 1 through 20 above and incorporate them by reference as if fully set forth herein.

22. The Nissan Defendants made a false representation as to a past and existing material fact.

23. The Nissan Defendants made the representation without reasonable grounds for believing it to be true.

24. The Nissan Defendants in making the false representations, intended to deceive the plaintiff.

25. Plaintiff justifiably relied on the false representation of the Nissan Defendants and was harmed and suffered damages.

## THIRD CLAIM FOR RELIVE FOR FRAUD BY THE NISSAN DEFENDANTS

26. Plaintiff realleges every allegation in paragraphs 1 through 25 above and incorporate them by reference as if fully set forth herein.

27. The Nissan Defendants made false statements in the residual amount owned by Plaintiff.

28. While at Mossy Nissan in Chula Vista, Plaintiff informed the Finance manager that he had a contact with Nissan for a residual amount due of $15,453.40. The finance manager informed the Nissan Defendants who failed to correct their mistake.

29. The Nissan Defendants had an intent to deceive Plaintiff once they became aware of Plaintiff contract by their failure to change the residual amount to the amount listed in their contract. The Nissan Defendants were well aware of the signed Exhibit "B" lease extension at all times herein.

30. Plaintiff and Mossy Nissan both relied on the false statements made by the Nissan Defendants.

31. Plaintiff was shown a new car at Mossy Nissan in Chula Vista and based upon

the fraudulent statements made by the Nissan Defendants decided that the new car was not worth purchasing for lack of equity in his vehicle.

32. Plaintiff sustained injury because of the false statements made by the Nissan Defendants.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Cohen prays for relief as follows:

(a) Judgment in favor of plaintiff and against the Nissan Defendants on Counts 1 through 3 on Plaintiff complaint with compensatory damages of not less than $20,000.00. Plaintiff will substitute counsel for trial.

(b) Judgment in favor of plaintiff and against the Nissan Defendants on Counts 1 through 3 on Plaintiff complaint for punitive damages of not less than 1 million dollars.

(c) For an order of the court to determine what if any funds Plaintiff shall deposit with the Court pending regarding the residual amount due to the Nissan Defendants with the Clerk of Court.

(d) For an order of the court directing the Nissan Defendants not to engage in repossession or reporting to the credit bureaus until this court issues its judgment.

(e) For attorney fees and court costs.

(f) Such further and other legal and equitable relief as the Court may deem just and necessary under the circumstances.

Dated this 26 day of September 2022

By: *Stephen Cohen*
Stephen Cohen, Attorney
For Plaintiff Pro Se